# EXHIBIT A

18CV1131

SUMMON
11/6/2018

# SANDUSKY COUNTY CLERK OF COURTS

100 NORTH PARK AVE., SUITE 208
FREMONT, OH 43420
(419) 334-6161

## SUMMONS ON COMPLAINT

REVERE PLASTICS SYSTEMS, LLC A
DELAWARE LIMITED LIABILITY CO
39555 ORCHARD HILL PLACE
NOVI, MI 48375

PLAINTIFF(S)

VS

PLASTIC PLATE, LLC A MICHIGAN
DBA: CLOVER, MICHAEL
C/O MICHAEL CLOVER ITS REGISTERED
AGENT
5460 CASCADE RD SE
GRAND RAPIDS, MI 49546

CASE NUMBER:    18CV1131

REVERE PLASTICS SYSTEMS, LLC A DELAWARE LIMITED
LIABILITY CO VS PLASTIC PLATE, LLC A MICHIGAN

DEFENDANT(S)

TO THE ABOVE NAMED DEFENDANT:

You have been named a defendant in a complaint filed in the SANDUSKY COUNTY COMMON PLEAS
COURT, 100 NORTH PARK AVE., SUITE 208, FREMONT, OH 43420.

A copy of the complaint is attached.

You are required to appear and defend this action by serving an answer to the complaint on the Plaintiff's attorney or
on the Plaintiff if he has no attorney.  Your answer must be served within twenty-eight (28) days after the service of
this summons.  A copy of your answer must be also filed with this court within three (3) days after service on the
Plaintiff's attorney or the Plaintiff.

The Plaintiff's attorney is:

PETER A DEWHIRST
5565 AIRPORT HWY SUITE 101
TOLEDO, OH 43615
PHONE: (419) 867-8900
FAX: (419) 867-3647

Failure to appear and defend this action will result in a judgment by default being taken against you for the relief
demanded in the attached complaint.

TRACY M. OVERMYER
CLERK OF COURTS
By: _____ DATE: 11/6/2018
Deputy Clerk

(Rule 4 - 1970 Ohio Rules of Civil Procedure)

State of Ohio, Sandusky County, SS:
I hereby certify that this is a true copy of
the original document now on file in my
office this ___ day of _November_
20_18_
TRACY M. OVERMYER
Sandusky County Clerk of Courts
By _____
Deputy Clerk

SANDUSKY COUNTY
COMMON PLEAS COURT
FILED

2018 NOV -5  A II: 25

TRACY M. OVERMYER
CLERK

## IN THE COMMON PLEAS COURT
### SANDUSKY COUNTY, OHIO

REVERE PLASTIC SYSTEMS, LLC,
a Delaware limited liability company,
39555 Orchard Hill Place
Novi, Michigan 48375

     Plaintiff,

v.

PLASTIC PLATE, LLC, a Michigan
c/o Michael Clover, its registered agent

5460 Cascade Road SE
Grand Rapids, MI 49546
limited liability company,

     Defendant.

Case No. _18CV1131_

Honorable Judge John P. Dewey

**COMPLAINT**

Peter A. Dewhirst (0063709)
Lacey L. Riley (0097090)
Lyden, Chappell & Dewhirst, Ltd.
5565 Airport Highway, Suite 101
Toledo, Ohio 43615
(419) 867-8900; (419) 867-3647 (fax)
pad@lydenlaw.com
Attorney for Plaintiff

---

Plaintiff Revere Plastic Systems, LLC, for its Complaint against Defendant Plastic Plate,

LLC, states as follows:

### PRELIMINARY STATEMENT

1.    This case involves a number of contracts between Plaintiff, Revere Plastic Systems

LLC ("Revere") and Defendant Plastic Plate LLC ("Plastic Plate"). The contracts at issue are

governed by a several Revere Blanket Purchase Orders and the applicable Revere Terms and

Conditions contained in and/or attached to each Blanket Purchase Order.

2.      As discussed in further detail below, Plastic Plate has breached its contractual obligations with Revere and has willfully and in bad faith, damaged, destroyed and converted certain personal property, causing Revere to suffer damages in excess of $750,000.00.

## PARTIES, JURISDICTION AND VENUE

3.      Revere incorporates the allegations of all prior paragraphs into this paragraph as if fully stated herein.

4.      Revere is a Delaware Limited Liability Company with its current principal place of business located in Novi, Oakland County, Michigan.

5.      Revere's principal place of business was located in Sandusky County, Clyde, Ohio when the contracts at issue were entered into, and when the governing Blanket Purchase Orders were issued.

6.      Revere continues to operate and maintain a large manufacturing facility in Clyde, Ohio, where all of the component parts at issue in this case were shipped by Plastic Plate to Revere under the applicable contracts.

7.      Plastic Plate is a Michigan Limited Liability Company with its principal place of business located in Grand Rapids, Michigan.

8.      Jurisdiction is proper in this Court as the amount in controversy exceeds $25,000 exclusive of costs, interest, and fees.

9.      Venue in Sandusky County, Ohio is proper because:  (1) under the applicable contracts, Blanket Purchase Orders, and Terms and Conditions, Plastic Plate continuously and systematically shipped product to Revere's Facility in Clyde, Ohio; (2) Revere's principal place of business at the time the Blanket Purchase Orders were issued was in Sandusky County, Ohio;

2

and (3) the parties' contracts expressly require this lawsuit, as a dispute arising from Plastic Plate's breach of contract, to be brought in Sandusky County, Ohio.

## BACKGROUND FACTS

10.  Revere incorporates the allegations of all prior paragraphs into this paragraph as if fully stated herein.

11.  Revere has over 50 years of experience in the plastics and manufacturing industry. Specializing in Design, Injection Molding, Assembly and Testing, Revere has a broad Range of customers, including OEM's like non-party Whirlpool Corporation.

12.  As part of its contractual supply obligations to Whirlpool, Revere was directed by Whirlpool to use Plastic Plate as a supplier for certain component parts relating to Whirlpool's washer and dryer program known as the "Alpha Program."

### A. The 2015 Blanket Purchase Orders

13.  In October 2015, shortly after Plastic Plate quoted the Alpha Program to Revere, Revere (as Buyer) issued a series of Blanket Purchase Orders to Plastic Plate (as Seller) for the Alpha Program including Blanket Purchase Orders 678-02, 679-02, 680-02, 1161-02, 1162-02 and 1163-02 (the "2015 Blanket Purchase Orders") (**Exhibit 1**).

14.  The 2015 Blanket Purchase Orders contained the following language: "BLANKET P.O. ISSUED FOR FUTURE RELEASES-LIFE OF OEM PROGRAM . . . . PRICE CHANGES WILL ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS PERMIT." **Exhibit 1.**

15.  The 2015 Blanket Purchase Orders also contained and incorporated by reference the Revere Terms and Conditions, which contained the following clear provisions relating to the rights and obligations of Revere as "Buyer" and Plastic Plate as "Seller":

3

a.  **4. CHANGES.** The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order;

b.  **16. BUYER'S TERMS AND CONDITIONS APPLY.** No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

c.  **21. REMEDIES.** In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and

4

other changes incurred in connection with Buyer's exercise of Buyer's remedies;

d.    **23. GOVERNING LAW.** A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction;

e.    **26. ENTIRE AGREEMENT.** Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

16.    From October 2015 through April 2016, Revere (as Buyer) issued releases against the 2015 Blanket Purchase Orders to Plastic Plate (as Seller). Plastic Plate accepted these releases and shipped the product requested by Revere at the agreed upon contractual prices in the 2015 Blanket Purchase Orders.

**B.    The 2016 Blanket Purchase Orders**

17.    In April of 2016, Revere exercised its right under the parties' contracts to issue new or updated Blanket Purchase Orders to Plastic Plate for the Alpha Program including Blanket Purchase Orders 1121-02, 1162-02, and 1163-02 (hereafter "the 2016 Blanket Purchase Orders") (**Exhibit 2**).

18.    The 2016 Blanket Purchase Orders contained the following language: "BLANKET P.O. ISSUED FOR FUTURE RELEASES-LIFE OF OEM PROGRAM . . . . PRICE CHANGES WILL ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS PERMIT." **Exhibit 2.**

19.    The 2016 Blanket Purchase Orders also contained and incorporated by reference the same Revere Terms and Conditions contained in the 2015 Blanket Purchase Orders, including the provisions set forth in paragraph 15 above. **Exhibit 2**

20.    From April 2016 through March 2017, Revere issued releases to Plastic Plate against the 2016 Blanket Purchase Orders.  Plastic Plate shipped the product requested by Revere under the releases at the agreed upon contractual prices in the 2016 Blanket Purchase Orders.

**C.  Whirlpool's 2017 Resource Notice**

21.    At all times relevant to this Dispute, and as early as 2015, Plastic Plate aware that based on Whirlpool's global sourcing strategy and/or requirements at any time during Plastic Plate's supply to Revere for the Alpha Program, Whirlpool could direct Revere to stop using Plastic Plate, and Whirlpool could require Revere to "re-source" the Alpha program to another supplier.

22.    In March of 2017, Whirlpool contacted Plastic Plate and informed Plastic Plate that Whirlpool had decided to resource the Alpha Program.  At this same time, Revere was directed by

Whirlpool to begin to use another supplier for the Alpha Program—a supplier other than Plastic Plate.

**D.    The 2017 Dispute**

23.    In response to Whirlpool's March 2017 re-source directive, Plastic Plate contacted Revere and threatened to stop shipment under the 2016 Blanket Purchase Orders unless Revere: (1) agreed to change the current payment terms in the parties' contracts to cash on delivery; and (2) agreed to as much as a 300% price increase on the product supplied by Plastic Plate for the Alpha Program.

24.    Plastic Plate's 2017 threats and demands to change the governing contract terms led to a dispute between Revere and Plastic Plate in April—May of 2017 (the "2017 Dispute").

25.    The 2017 Dispute was resolved shortly after Revere demanded that Plastic Plate honor the terms of the parties' contract.  Specifically, Revere notified Plastic Plate it had no Authority to unilaterally alter the pricing or payment terms of the parties' contracts (as provided in the Blanket Purchase Orders and Revere Terms and Conditions).  Revere also notified Plastic Plate that any attempt to do so, and/or refusal to ship would be a breach of the parties' contract(s).

26.    Shortly after receiving Revere's demand to continue performance (as described in the preceding paragraph), Plastic Plate began shipping under the same/existing pricing terms and conditions set forth in the 2016 Blanket Purchase Orders.

**E.    The 2017 Blanket Purchase Orders**

27.    In October of 2017, after, the May 2017 Dispute, Revere once again exercised its rights under the parties' contracts to issue new or updated Blanket Purchase Orders to Plastic Plate for the Alpha Program, including Blanket Purchase Orders 4233-02, 4234-02, 4235-02, 4236-02, 4237-02, and 4238-02 (hereafter "the 2017 Blanket Purchase Orders") (**Exhibit 3**).

7

28.    The 2017 Blanket Purchase Orders were similar but not identical to the prior Blanket Purchase Orders.  Because of Whirlpool's decision and directive to resource the Alpha Program, the 2017 Blanket Purchase Orders Revere removed the "Life of the OEM Program" reference contained in the prior Blanket PO's.

29.    The 2017 Blanket Purchas Orders simply provided: "BLANKET P.O. ISSUED FOR FUTURE RELEASES. . . . PRICE CHANGES WILL ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS PERMIT." **Exhibit 3**

30.    The 2017 Blanket Purchase Orders contained and incorporated by reference the same Revere Terms and Conditions contained in the 2015 and 2016 Blanket Purchase Orders, including the provisions set forth in paragraph 15 above. **Exhibit 3**.

31.    Plastic Plate accepted the terms of the 2017 Blanket Purchase Orders and began shipping to Revere as Revere issued releases.

32.    From October 2017 through March 22 2018, Plastic Plate accepted the releases issued by Revere and shipped product to Revere under the pricing set forth in the 2017 Blanket Purchase Orders.

33.    As of March 22, 2018, in just a 5-month span, Plastic Plate had accepted Revere releases and shipped more than 163,000 units of product to Revere under the pricing and terms in the 2017 Purchase Orders.

**F.    The 2018 Dispute and Plastic Plates' Breach**

34.    In March of 2018, recognizing that the Whirlpool directed re-source was imminent, Plastic Plate deployed the same threats and tactics it used in the prior 2017 Dispute.

8

35.     Plastic Plate, once again contacted Revere and threatened to stop shipment under the 2017 Blanket Purchase Orders unless Revere: (1) agreed to change the current payment terms in the parties' contracts to cash on delivery; and (2) agreed to as much as a 300% price increase on the Parts supplied by Plastic Plate for the Alpha Program.

36.     Plastic Plate's unilateral attempt to change the terms of the parties' contracts for a second time, and its refusal to accept Revere's releases or to ship, constituted breach of the parties' contracts.

37.     Plastic Plate's unilateral attempt to change the terms of the parties' contracts for a second time, and its refusal to ship, was in direct contradiction of Plastic Plate's prior conduct and course of performance, where it accepted Revere's prior releases and shipped and performed under the 2017 Blanket Purchase Orders.

38.     Plastic Plate's refusal to ship product to Revere in 2018 also threatened to cause a shutdown of Whirlpool's production for the Alpha Program.  For this reason, Revere immediately notified Plastic Plate in writing of the potential OEM Shut down that would result from its failure to ship.

39.     Revere also demanded Plastic Plate to immediately turn over and release hundreds of thousands of dollars of Whirlpool and Revere tooling that Plastic Plate was not then using (given its refusal to accept Revere's releases), including End of Arm Tooling, fixtures, process gauges, and chrome plating racks.

40.     Given Plastic Plate's refusal to ship, the unused tooling would have allowed Revere to expedite and transition the resource and prevent a possible Whirlpool shut down.

9

41. In response, Plastic Plate continued to refuse to ship, and refused to turn over any Whirlpool or Revere tooling until Revere agreed to pay the 300% price increase demanded by Plastic Plate and payment in advance on any shipment of product.

42. Left with no choice, Revere paid more than $560,000.00 to Plastic Plate **under protest,** in order prevent supply interruption to Whirlpool and in order to obtain access and possession of Whirlpool and Revere tooling wrongfully withheld by Plastic Plate.

43. Upon Revere's payment under protest, Plastic Plate released the existing Revere product in inventory, and packaged up the Whirlpool and Revere tooling. Suspiciously, however, Plastic Plate delayed in providing access to one particular set of tooling—the chrome plating racks.

44. The chrome plating racks were clearly identified on Plastic Plate's initial quote for the Alpha Program. The total cost of the chrome plating racks, as reflected on the Plastic Plate Quote for the Alpha Program, was $187,500.

45. On behalf of Whirlpool, Revere paid Plastic Plate in full for the Chrome Plating Racks.

46. The Chrome Plating Racks are not the property of Plastic Plate. They were paid for by Revere on behalf of Whirlpool and were the property of Whirlpool. This fact was known to Plastic Plate from the outset of the parties' contracts.

47. In April 2018, shortly after Revere began to unpack the tooling released by Plastic Plate, it became evident that Plastic Plate had sabotaged the tooling by, among other things, sawing off the top of the chrome plating racks, rendering them useless. Photos of the sawed off, damaged, and destroyed racks are attached as **Exhibit 4**.

48.     As a direct result of Plastic Plate's reckless, willful, and intentional destruction and damage to the chrome plating racks, Revere was unable to use the racking for its continued supply to Whirlpool.

49.     In order to prevent supply interruption and continue supply to Whirlpool, Revere was forced to spend more than $595,000 in transfer and replacement tooling, extra labor, new chrome plating racks, other incidental and consequential damages, and business interruption damages reasonably foreseeable as a result of Plastic Plate's breaches and misconduct.

50.     There was no rational or legitimate need or basis for Plastic Plate to damage and/or destroy the Chrome Plating Racks, for which Plastic Plate had already been paid in full.  Plastic Plate's actions, delays, and destruction of the tooling was done in bad faith, with the intent to cause damage to both Whirlpool and Revere, and done in retaliation to Whirlpool's decisions to resource the Alpha Program.

51.     Prior to the filing of this lawsuit, Whirlpool assigned all of its rights in the destroyed chrome plating racks to Revere, in order to allow Revere to pursue claims against Plastic Plate for Plastic Plate's conversion and civil theft of the tooling, in addition to Revere's claims against Plastic Plate for breach of its contracts.

## COUNT I-
## BREACH OF CONTRACT

52.     Revere incorporates the allegations of all prior paragraphs into this paragraph as if fully stated herein

53.     As discussed above, the 2015, 2016, and 2017 Blanket Purchase Orders, and the applicable Revere Terms and conditions for each Blanket Purchase Order set forth the terms of valid and enforceable contracts between Revere and Plastic Plate.

11

54.     The terms of the parties' contracts were clearly accepted by Plastic Plate as evidence by Plastic Plate's continuous acceptance of the releases issued by Revere under each Blanket Purchase Order, and its subsequent shipment of product to Revere under the applicable and governing pricing, and terms and conditions.

55.     Revere has fully performed under the parties' contracts.

56.     Plastic Plate has breached its obligations under the parties' contracts by among other things, engaging in the acts and conduct set forth above.

57.     The actions and conduct of Plastic Plate as set forth above constitute willful and intentional breaches of the parties' contracts.

58.     As a direct and proximate result of these willful and intentional breaches, Revere has suffered damages that were reasonably foreseeable by Plastic Plate including but not limited to the full amount paid by Revere to Plastic Plate under protest in March of 2018, and all amounts paid by Revere in connection with its efforts to avoid supply interruption to Whirlpool as a result Plastic Plate's breaches, including all transfer and replacement tooling, extra labor, and new chrome plating racks.

## COUNT II-
## DECLARATORY JUDGMENT

59.     An actual, substantial and immediate controversy now exists between Revere and Plastic Plate with respect to the parties' respective rights and obligations under the terms of the contracts, blanket purchase orders and applicable terms and conditions at issue.

60.     Prompt relief is necessary to preserve the rights of Revere under the contracts, blanket purchase orders and applicable terms and conditions at issue.

61.     Revere requests declaratory judgment from this Court pursuant to the Ohio Rules of Civil Procedure and Revised Code that Plastic Plate has breached its contracts with Revere and violated Revere's rights under the contracts.

## COUNT III-
## CONVERSION
## CIVIL ACTION FOR DAMAGES FOR CRIMINAL ACTS UNDER R.C. 2307.60

62.     As set forth above, pursuant to the parties' contracts, Plastic Plate was paid in full for certain chrome plating racks, but the racks remained in the possession of Plastic Plate in order to perform its obligations under the parties' contracts.

63.     As set forth above, Plastic Plate, in refusing to turn over the chrome plating racks when requested and in recklessly and or willfully damaging and destroying the chrome plating racks, thereby rendering them both useless and worthless, and intentionally and wrongfully exercised dominion and control over the property of Whirlpool and/or Revere.

64.     As a direct and proximate result of Plastic Plate's conversion, Reverse has sustained significant damage.

## COUNT IV-
## CIVIL ACTION FOR WILLFUL DAMAGE OR THEFT UNDER R.C. 2307.61

65.     Plastic Plate's conversion, intentional misconduct, and damage and destruction to the chrome plating rack described more fully above constitutes (a) willful damage to the property to Whirlpool and Revere as provided in R.C.§2307.61 and; (b) theft under R.C. §2913.02 and §2307.60.

66.     As a direct and proximate result of Plastic Plate's conversion, Reverse sustained significant damage.

67.     As a result, and pursuant to the terms of Whirlpool's assignment to Revere, Revere is entitled to an award of damages including three times the value of the chrome plating racks as set forth in R.C.§2307.61(A)(1)(b)(ii).

## COUNT V-
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP OR CONTRACT

68.     At all times relevant to this dispute, Revere and Whirlpool had a business relationship as more fully described above.

69.     As more fully explained above, Plastic Plate was fully aware and had knowledge of the relationship between Revere and Whirlpool.

70.     Plastic Plate intentionally and improperly took action to interfere with Revere's and Whirlpool's business relationship, including but not limited to by: (a) destroying and damaging the chrome plating racks described above; and (b) demanding Plastic Plate pay a 300% mark up on product.

71.     Plastic Plate had no lawful basis for its improper actions that intentionally interfered with Revere's and Whirlpool's business relationship.

72.     As a direct and proximate result of Plastic Plate's actions, Revere sustained significant damage.

## COUNT VI-
## UNJUST ENRICHMENT

73.     As explained above, Plastic Plate received a benefit through the payment of $187,500 by Revere, on behalf of Whirlpool, for the chrome plating racks.

74.     Plastic Plate had knowledge of the benefit as it invoiced and received full payment for the chrome plating racks.

14

75.     Plastic Plate retained the benefit of being paid for the racks, and, instead of returning the racks to Whirlpool/Revere in usable condition, as explained above, Plastic Plate intentionally damaged the racks rendering them useless.

76.     It would be unjust to allow Plastic Plate to retain the benefit of payment of $187,500 for the chrome plating racks when Plastic Plate intentionally destroyed the racks instead of returning them in usable condition.

## COUNT VII
## ATTORNEY FEES

77.     The contracts, specifically section 21 of the blanket purchase orders attached as Exhibits 1-3, allow Revere to recover attorney fees incurred in connection with Plastic Plate's breach.

78.     Revere has incurred legal fees in connection with pursuing this matter, and will continue to incur legal fees in this matter as the case moves forward.

79.     Revere is entitled to seek reimbursement from Plastic Plate for legal fees Revere has incurred, and will incur, as a result of Plastic Plate's breach of the contracts.

80.     Revere is entitled to an award of reasonable attorney fees as a result of Plastic Plate's breach, in an amount to be determined at trial.

**WHEREFORE,** Revere respectfully requests that this Court:

A.     Enter a Judgment in its favor and against Defendant Plastic Plate in an amount Defendant Plastic Plate  is found to be liable for its breach(es) of the parties contract(s), including all actual, incidental and consequential damages incurred by Revere in making payments under protest, and in transfer and replacement tooling, extra labor, and the purchase of new chrome plating racks in order to prevent supply interruption;

B.    Enter a Judgment in its favor and against Defendant Plastic Plate for Plastic Plate's conversion, destruction, and wrongful exercise of dominion and control over the chrome plating racks at issue.

C.    Enter a Judgment in its favor and against Defendant Plastic Plate Grant equal to three times the value of the chrome plating racks as set forth in R.C.§2307.61(A)(1)(b)(ii).

D.    Enter a Judgment in its favor and against Defendant Plastic Plate for Plastic Plate's tortious interference with Revere's business relationship with Whirlpool, in an amount to be proven at trial.

E.    Enter a Judgment in its favor and against Defendant Plastic Plate for Plastic Plate's unjust enrichment, in an amount to be proven at trial.

F.    Declare the parties' rights under the governing contracts and declare that Plastic Plate is in breach of contract.

G.    Award Revere its actual and/or reasonable attorney's fees and costs incurred in this matter.

H.    Grant such other relief to Revere that this Court deems just and appropriate.

Respectfully submitted,

Peter A. Dewhirst (0063709)
Lyden, Chappell & Dewhirst, Ltd.
5565 Airport Hwy, Suite 101
Toledo, Ohio 43615
Telephone: (419) 867-8900
Telefax: (419) 867-3647
pad@lydenlaw.com
Attorney for Plaintiff

Dated: October 31st, 2018

16

## **PRAECIPE**

To the Clerk:

Request is hereby made that the appropriate Summons and a copy of the foregoing Complaint be served upon the Defendant by the bailiff at the addresses set forth in the caption and by certified U.S. mail, return receipt requested, in accordance with the Ohio Rules of Civil Procedure. If service comes back unclaimed, then pursuant to the Ohio Rules of Civil Procedure, you are hereby requested to send the appropriate Summons and a copy of the foregoing Complaint to the Defendant at the address set forth in the caption by ordinary U.S. mail.

Peter A. Dewhirst

17

# EXHIBIT 1

**REVERE PLASTICS SYSTEMS, LLC CLYDE**
401 E ELM STREET
CLYDE OH 43410
419-547-6918 Fax: 419-547-6828

**PURCHASE ORDER 678-02**

**10/29/2015**

**BILL TO:**
REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH 43410
clydeap@revereindustries.com

**TO:**
PLASTIC PLATE, LLC
5480 CASCADE RD SE
GRAND RAPIDS MI 49546
UNITED STATES

616-455-5045 / 616-455-5040

**SHIP TO:**
REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH 43410
UNITED STATES

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|-------|-----------|--------------|----------|-----|-------|
| LPARR | | | GLOBAL TRANZ | DEST. | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|-------------|-------------|----------|-----------|-----------|
| 8293Rev: H | CHROME TRIM RING - DOOR, WPL WASHER | 1.00 EACH | 13.410000 | 13.41 |
| W10733167 | QUOTE 15-R602G | | 1200-00-00-02-00-0 | |

BLANKET P.O. ISSUED FOR FUTURE RELEASES-LIFE OF OEM PROGRAM.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT.  REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIPPING DOCUMENTS.  IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES
WILL ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS
PERMIT.

Release Qty  Request Date    Promise Date    Comment

*****All Costs Are Shown in US Dollars*****

**Comment:**

| | | |
|---|---|---|
| SubTotal | 13.41 |
| Tax | 0.00 |
| Grand Total | 13.41 |

Buyer Signature  *Laura Parr*

**OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES**

Zero defects policy is in affect for all orders.
Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor, reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by _____

QA0281-03     Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be referenced on the Revere Industries website www.revereplasticssystems.com

## REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS

1. OFFER AND ACCEPTANCE. This Purchase Order constitutes an offer by Revere Industries,LLC (the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.

Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>

2. PURCHASE PRICE AND PAYMENT. The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

3. ATTACHMENTS. Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

4. CHANGES. The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

5. TERMINATION. Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.

Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

6. ASSIGNMENT. Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

7. EXCUSABLE DELAY. Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph 5.

8. PACKAGING, PACKING LIST, AND BILL OF LADING. Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

9. INSPECTION. All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

10. WARRANTIES. By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.

Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

11. COMPLIANCE WITH LAWS. Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326); (b) The Fair Labor Standards Act (29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112), and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

12. TITLE; RISK OF LOSS. Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

13. INSURANCE. Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

14. CONFIDENTIALITY; LIMITED USE. Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other charges incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

**REVERE PLASTICS SYSTEMS, LLC CLYDE**
**401 E ELM STREET**
**CLYDE OH 43410**
**419-547-6918 Fax: 419-547-6828**

**PURCHASE ORDER 679-02**
**10/29/2015**

BILL TO:
REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH 43410
clydeap@revereindustries.com

TO:
PLASTIC PLATE, LLC
5460 CASCADE RD SE
GRAND RAPIDS MI 49546
UNITED STATES

SHIP TO:
REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH 43410
UNITED STATES

616-455-5045 / 616-455-5040

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|---|---|---|---|---|---|
| LPARR | | | GLOBAL TRANZ | ORIGIN | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|---|---|---|---|---|
| 8294 Rev: G | CHROME HANDLE - DOOR, WPL | 1.00 EACH | 1.728000 | 1.73 |
| W10733169 | QUOTE 15-R602G | | | 1200-00-00-02-00-0 |

BLANKET P.O. ISSUED FOR FUTURE RELEASES-LIFE OF OEM PROGRAM.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT.  REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIPPING DOCUMENTS.  IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES
WILL ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS
PERMIT.

Release Qty    Request Date    Promise Date    Comment

*****All Costs Are Shown In US Dollars*****
Comment:

| | |
|---|---|
| SubTotal | 1.73 |
| Tax | 0.00 |
| Grand Total | 1.73 |

Buyer Signature   *Laura Parr*

**OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES**

Zero defects policy is in affect for all orders.
  Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor,
  reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by _____

QA0281-03        Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be
                 referenced on the Revere Industries website www.revereplasticssystems.com

# REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS

**1. OFFER AND ACCEPTANCE.** This Purchase Order constitutes an offer by Revere Industries,LLC (the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.

Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere  Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>

**2. PURCHASE PRICE AND PAYMENT.** The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

**3. ATTACHMENTS.** Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

**4. CHANGES.** The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

**5. TERMINATION.** Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.

Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

**6. ASSIGNMENT.** Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

**7. EXCUSABLE DELAY.** Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph 5.

**8. PACKAGING, PACKING LIST, AND BILL OF LADING.** Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

**9. INSPECTION.** All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

**10. WARRANTIES.** By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.

Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

**11. COMPLIANCE WITH LAWS.** Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326); (b) The Fair Labor Standards Act (29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) The Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

**12. TITLE; RISK OF LOSS.** Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

**13. INSURANCE.** Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

**14. CONFIDENTIALITY; LIMITED USE.** Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Seller's performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other changes incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

**REVERE PLASTICS SYSTEMS, LLC CLYDE**
**401 E ELM STREET**
**CLYDE  OH  43410**
**419-547-6918  Fax:  419-547-6828**

**PURCHASE ORDER 680-02**

**10/29/2015**

**BILL TO:**
REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH  43410
clydeap@revereindustries.com

**TO:**
PLASTIC PLATE, LLC
5460 CASCADE RD SE
GRAND RAPIDS MI  49546
UNITED STATES

616-455-5045 / 616-455-5040

**SHIP TO:**
REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH  43410
UNITED STATES

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|---|---|---|---|---|---|
| LPARR | | | GLOBAL TRANZ | DEST. | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|---|---|---|---|---|
| 8295Rev: F | CHROME TRIM RING - DOOR, WPL DRYER | 1.00 EACH | 13.410000 | 13.41 |
| W10733172 | QUOTE 15-R602G | | | 1200-00-00-02-00-0 |

BLANKET P.O. ISSUED FOR FUTURE RELEASES-LIFE OF OEM PROGRAM.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT.  REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIOPPING DOCUMENTS.  IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES
WILL ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS
PERMIT.

Release Qty  Request Date  Promise Date  Comment

*****All Costs Are Shown In US Dollars*****

**Comment:**

| | |
|---|---|
| SubTotal | 13.41 |
| Tax | 0.00 |
| Grand Total | 13.41 |

Buyer Signature  *Laura Parr*

**OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES**

Zero defects policy is in affect for all orders.
Goods rejected on account of inferior  quality or workmanship will be returned to you with charges for transportation both ways, plus labor,
reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by

QA0261-03      Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be
referenced on the Revere industries website www.revereplasticssystems.com

REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS

1. **OFFER AND ACCEPTANCE.** This Purchase Order constitutes an offer by Revere Industries,LLC (the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.

Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>

2. **PURCHASE PRICE AND PAYMENT.** The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

3. **ATTACHMENTS.** Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

4. **CHANGES.** The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

5. **TERMINATION.** Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.

Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

6. **ASSIGNMENT.** Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

7. **EXCUSABLE DELAY.** Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph 5.

8. **PACKAGING, PACKING LIST, AND BILL OF LADING.** Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

9. **INSPECTION.** All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

10. **WARRANTIES.** By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.

Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

11. **COMPLIANCE WITH LAWS.** Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326); (b) The Fair Labor Standards Act (29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

12. **TITLE; RISK OF LOSS.** Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

13. **INSURANCE.** Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

14. **CONFIDENTIALITY; LIMITED USE.** Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other changes incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

# EXHIBIT 2

**REVERE PLASTICS SYSTEMS, LLC CLYDE**
401 E ELM STREET
CLYDE OH 43410
419-547-6918 Fax: 419-547-6828

**PURCHASE ORDER 1161-02**

**4/19/2016**

**BILL TO:**
REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH 43410
clydeap@revereindustries.com

**TO:**
PLASTIC PLATE, LLC
5460 CASCADE RD SE
GRAND RAPIDS MI 49546
UNITED STATES

**SHIP TO:**
REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH 43410
UNITED STATES

616-455-5045 / 616-455-5040

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|---|---|---|---|---|---|
| LPARR | | | GLOBAL TRANZ | DEST. | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|---|---|---|---|---|
| 8306Rev: A | ALPHA 85 WASHER TRIM RING (WHITE) | 1.00 EACH | 6.940000 | 6.94 |
| W10866928 | WHITE WASHER TRIM RING | | 1200-00-00-02-00-0 | |

BLANKET P.O. ISSUED FOR FUTURE RELEASES-LIFE OF OEM PROGRAM.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT. REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIOPPING DOCUMENTS. IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES
WILL ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS
PERMIT.

Release Qty    Request Date    Promise Date    Comment

*****All Costs Are Shown in US Dollars*****

**Comment:**

| | |
|---|---|
| SubTotal | 6.94 |
| Tax | 0.00 |
| Grand Total | 6.94 |

Buyer Signature  *Laura Parr*

OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES

Zero defects policy is in affect for all orders.

Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor,
reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by _____

QA0281-03    Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be
referenced on the Revere Industries website www.revereplasticssystems.com

**REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS**

**1. OFFER AND ACCEPTANCE.** This Purchase Order constitutes an offer by Revere Industries,LLC (the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.

Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere  Supplier Quality Agreement which is located at <http://www.reveroplasticssystems.com/contact-2/supplier-info>

**2. PURCHASE PRICE AND PAYMENT.** The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

**3. ATTACHMENTS.** Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

**4. CHANGES.** The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

**5. TERMINATION.** Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer. Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

**6. ASSIGNMENT.** Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

**7. EXCUSABLE DELAY.** Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph 5.

**8. PACKAGING, PACKING LIST, AND BILL OF LADING.** Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

**9. INSPECTION.** All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

**10. WARRANTIES.** By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.
Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

**11 COMPLIANCE WITH LAWS.** Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326); (b) The Fair Labor Standards Act (29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

**12. TITLE; RISK OF LOSS.** Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

**13. INSURANCE.** Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

**14. CONFIDENTIALITY; LIMITED USE.** Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or Information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other changes incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

**REVERE PLASTICS SYSTEMS, LLC**
**CLYDE**
**401 E ELM STREET**
**CLYDE OH 43410**
**419-547-6918 Fax: 419-547-6828**

**PURCHASE ORDER 1162-02**

**4/19/2016**

**BILL TO:**
REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH 43410
clydeap@revereindustries.com

**TO:**
PLASTIC PLATE, LLC
5460 CASCADE RD SE
GRAND RAPIDS MI 49546
UNITED STATES

**SHIP TO:**
REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH 43410
UNITED STATES

616-455-5045 / 616-455-5040

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|---|---|---|---|---|---|
| LPARR | | | GLOBAL TRANZ | DEST. | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|---|---|---|---|---|
| 8307Rev: A | ALPHA 85 DRYER TRIM RING (WHITE) | 1.00 EACH | 6.940000 | 6.94 |
| W10866929 | WHITE DRYER TRIM RING | | | 1200-00-00-02-00-0 |

BLANKET P.O. ISSUED FOR FUTURE RELEASES-LIFE OF OEM PROGRAM.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT. REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIPPING DOCUMENTS. IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES
WILL ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS
PERMIT.

| Release Qty | Request Date | Promise Date | Comment |
|---|---|---|---|

*****All Costs Are Shown In US Dollars*****

**Comment:**

| | |
|---|---|
| SubTotal | 6.94 |
| Tax | 0.00 |
| Grand Total | 6.94 |

Buyer Signature *Laura Parr*

**OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES**

Zero defects policy is in affect for all orders.

Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor, reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by _____

QA0281-03     Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be referenced on the Revere Industries website www.revereplasticssystems.com

**REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS**

1. **OFFER AND ACCEPTANCE**. This Purchase Order constitutes an offer by Revere Industries,LLC (the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.
Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere  Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>

2. **PURCHASE PRICE AND PAYMENT**. The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

3. **ATTACHMENTS**. Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

4. **CHANGES**. The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

5. **TERMINATION**. Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.
Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

6. **ASSIGNMENT**. Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

7. **EXCUSABLE DELAY**. Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph5.

8. **PACKAGING, PACKING LIST, AND BILL OF LADING**. Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

9. **INSPECTION**. All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

10. **WARRANTIES**. By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.
Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

11. **COMPLIANCE WITH LAWS**. Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326); (b) The Fair Labor Standards Act (29 U.S.C. § 201-219), (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

12. **TITLE; RISK OF LOSS**. Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

13. **INSURANCE**. Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

14. **CONFIDENTIALITY; LIMITED USE**. Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or Information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other changes incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO 9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

**REVERE PLASTICS SYSTEMS, LLC CLYDE**
401 E ELM STREET
CLYDE OH 43410
419-547-6918  Fax: 419-547-6828

## PURCHASE ORDER 1163-02

**4/19/2016**

| BILL TO: |
|---|
| REVERE PLASTICS SYSTEMS, LLC CLYDE |
| 401 E ELM STREET |
| CLYDE, OH 43410 |
| clydeap@revereindustries.com |

| TO: |
|---|
| PLASTIC PLATE, LLC |
| 5460 CASCADE RD SE |
| GRAND RAPIDS MI 49546 |
| UNITED STATES |

| SHIP TO: |
|---|
| REVERE PLASTICS SYSTEMS LLC |
| 401 E ELM STREET |
| CLYDE OH 43410 |
| UNITED STATES |

616-455-5045 / 616-455-5040

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|---|---|---|---|---|---|
| LPARR | | | GLOBAL TRANZ | DEST. | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|---|---|---|---|---|
| 8308Rev: A | ALPHA 85 HANDLE (WHITE) | 1.00 EACH | 1.220000 | 1.22 |
| W10866930 | WHITE ALPHA 85 HANDLE | | 1200-00-00-02-00-0 | |

BLANKET P.O. ISSUED FOR FUTURE RELEASES-LIFE OF OEM PROGRAM.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT.  REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIOPPING DOCUMENTS.  IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES
WILL ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS
PERMIT.

Release Qty   Request Date   Promise Date   Comment

*****All Costs Are Shown In US Dollars*****

**Comment:**

| | |
|---|---|
| SubTotal | 1.22 |
| Tax | 0.00 |
| Grand Total | 1.22 |

Buyer Signature   *Laura Parr*

**OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES**

Zero defects policy is in affect for all orders.

Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor, reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by _____

QA0281-03      Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be referenced on the Revere Industries website www.revereplasticssystems.com

## REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS

1. **OFFER AND ACCEPTANCE.** This Purchase Order constitutes an offer by Revere Industries,LLC (the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.

Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>

2. **PURCHASE PRICE AND PAYMENT.** The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

3. **ATTACHMENTS.** Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

4. **CHANGES.** The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

5. **TERMINATION.** Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.

Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

6. **ASSIGNMENT.** Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

7. **EXCUSABLE DELAY.** Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph 5.

8. **PACKAGING, PACKING LIST, AND BILL OF LADING.** Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

9. **INSPECTION.** All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

10. **WARRANTIES.** By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.

Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

11. **COMPLIANCE WITH LAWS.** Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326); (b) The Fair Labor Standards Act (29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

12. **TITLE; RISK OF LOSS.** Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

13. **INSURANCE.** Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

14. **CONFIDENTIALITY; LIMITED USE.** Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

**15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER.** It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

**16. BUYER'S TERMS AND CONDITIONS APPLY.** No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

**17. EXTRA CHARGES.** No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

**18. SUBSTITUTIONS.** No substitution of materials or accessories may be made without written permission from Buyer.

**19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES.** If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

**20. INDEMNIFICATION.** Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

**21. REMEDIES.** In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other changes incurred in connection with Buyer's exercise of Buyer's remedies.

**22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES.** The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

**23. GOVERNING LAW.** A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

**24. TAXES.** Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery, the Order price shall be deemed to include such taxes.

**25. "GOODS" AND "SERVICES".** The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

**26. ENTIRE AGREEMENT.** Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO 9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

# EXHIBIT 3

**REVERE PLASTICS SYSTEMS, LLC
CLYDE**
**401 E ELM STREET**
**CLYDE OH 43410**
**419-547-6918  Fax:  419-547-6828**

**PURCHASE ORDER 4233-02**
**10/30/2017**

**BILL TO:**
REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH 43410
clydeap@revereindustries.com

**TO:**
PLASTIC PLATE, LLC
5460 CASCADE RD SE
GRAND RAPIDS MI 49546
UNITED STATES

**SHIP TO:**
REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH 43410
UNITED STATES

616-455-5045 / 616-455-5040

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|---|---|---|---|---|---|
| LPARR | | | GLOBAL TRANZ | ORIGIN | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|---|---|---|---|---|
| 8293Rev: H | CHROME TRIM RING - DOOR, WPL WASHER | 1.00 EACH | 13.410000 | 13.41 |
| W10733167 | QUOTE 15-R602G | | | 1200-00-00-02-00-0 |

BLANKET P.O. ISSUED FOR FUTURE RELEASES.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT. REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIPPING DOCUMENTS. IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES WILL
ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS PERMIT.

Release Qty   Request Date   Promise Date   Comment

*****All Costs Are Shown In US Dollars*****

**Comment:**

| | |
|---|---|
| **SubTotal** | 13.41 |
| **Tax** | 0.00 |
| **Grand Total** | 13.41 |

Buyer Signature  *Laura Parr*

OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES

Zero defects policy is in affect for all orders.
Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor,
reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by _____

QA0281-03      Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be
referenced on the Revere Industries website www.revereplasticsystems.com

## REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS

1. **OFFER AND ACCEPTANCE.** This Purchase Order constitutes an offer by Revere Industries,LLC (the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.

Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere  Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>

2. **PURCHASE PRICE AND PAYMENT.** The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

3. **ATTACHMENTS.** Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

4. **CHANGES.** The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

5. **TERMINATION.** Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.

Buyer will make no payments for finished goods, services, work-in-process or raw material fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

6. **ASSIGNMENT.** Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

7. **EXCUSABLE DELAY.** Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph 5.

8. **PACKAGING, PACKING LIST, AND BILL OF LADING.** Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

9. **INSPECTION.** All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

10. **WARRANTIES.** By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.

Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

11. **COMPLIANCE WITH LAWS.** Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326); (b) The Fair Labor Standards Act (29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

12. **TITLE; RISK OF LOSS.** Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

13. **INSURANCE.** Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

14. **CONFIDENTIALITY; LIMITED USE.** Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other charges incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

**REVERE PLASTICS SYSTEMS, LLC CLYDE**
401 E ELM STREET
CLYDE OH 43410
419-547-6918  Fax:  419-547-6828

**PURCHASE ORDER 4234-02**

**10/30/2017**

**BILL TO:**

REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH  43410
clydeap@revereindustries.com

**TO:**

PLASTIC PLATE, LLC.
5460 CASCADE RD SE
GRAND RAPIDS MI  49546
UNITED STATES

**SHIP TO:**

REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH  43410
UNITED STATES

616-455-5045 / 616-455-5040

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|-------|-----------|--------------|----------|-----|-------|
| LPARR | | | GLOBAL TRANZ | ORIGIN | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|-------------|-------------|----------|-----------|-----------|
| 8294Rev: G | CHROME HANDLE - DOOR, WPL | 1.00 EACH | 1.728000 | 1.73 |
| W10733169 | QUOTE 15-R602G | | | 1200-00-00-02-00-0 |

BLANKET P.O. ISSUED FOR FUTURE RELEASES.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT.  REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIPPING DOCUMENTS.  IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES WILL
ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS PERMIT.

Release Qty  Request Date     Promise Date      Comment

*****All Costs Are Shown In US Dollars*****

**Comment:**

| | | |
|---|---|---|
| SubTotal | 1.73 |
| Tax | 0.00 |
| Grand Total | 1.73 |

Buyer Signature  *Laura Parr*

**OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES**

Zero defects policy is in affect for all orders.
    Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor,
    reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by  _____

QA0281-03        Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be
              referenced on the Revere Industries website www.revereplasticssystems.com

# REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS

1. **OFFER AND ACCEPTANCE.** This Purchase Order constitutes an offer by Revere Industries,LLC (the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.

Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>

2. **PURCHASE PRICE AND PAYMENT.** The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

3. **ATTACHMENTS.** Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

4. **CHANGES.** The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

5. **TERMINATION.** Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.

Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

6. **ASSIGNMENT.** Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

7. **EXCUSABLE DELAY.** Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph 5.

8. **PACKAGING, PACKING LIST, AND BILL OF LADING.** Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

9. **INSPECTION.** All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

10. **WARRANTIES.** By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.

Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

11. **COMPLIANCE WITH LAWS.** Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, and any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326); (b) The Fair Labor Standards Act (29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

12. **TITLE; RISK OF LOSS.** Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

13. **INSURANCE.** Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

14. **CONFIDENTIALITY; LIMITED USE.** Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other changes incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

**REVERE PLASTICS SYSTEMS, LLC CLYDE**
401 E ELM STREET
CLYDE OH 43410
419-547-6918 Fax: 419-547-6828

## PURCHASE ORDER 4235-02

### 10/30/2017

**BILL TO:**
REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH 43410
clydeap@revereindustries.com

**TO:**
PLASTIC PLATE, LLC
5460 CASCADE RD SE
GRAND RAPIDS MI 49546
UNITED STATES

**SHIP TO:**
REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH 43410
UNITED STATES

616-455-5045 / 616-455-5040

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|-------|-----------|-------------|----------|-----|-------|
| LPARR |  |  | GLOBAL TRANZ | ORIGIN | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|-------------|-------------|----------|-----------|-----------|
| 8295Rev: F | CHROME TRIM RING - DOOR, WPL DRYER | 1.00 EACH | 13.410000 | 13.41 |
| W10733172 | QUOTE 15-R602G |  |  | 1200-00-00-02-00-0 |

BLANKET P.O. ISSUED FOR FUTURE RELEASES.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT.  REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIPPING DOCUMENTS.  IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES WILL
ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS PERMIT.

Release Qty   Request Date   Promise Date   Comment

****All Costs Are Shown In US Dollars*****

Comment:

| | |
|---|---|
| SubTotal | 13.41 |
| Tax | 0.00 |
| Grand Total | 13.41 |

Buyer Signature  *Laura Parr*

**OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES**

Zero defects policy is in affect for all orders.

  Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor,
  reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by _____

QA0281-03      Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be
              referenced on the Revere Industries website www.revereplasticssystems.com

# REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS

1. **OFFER AND ACCEPTANCE.** This Purchase Order constitutes an offer by Revere Industries,LLC(the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.

Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>

2. **PURCHASE PRICE AND PAYMENT.** The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

3. **ATTACHMENTS.** Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

4. **CHANGES.** The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

5. **TERMINATION.** Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.

Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

6. **ASSIGNMENT.** Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

7. **EXCUSABLE DELAY.** Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph 5.

8. **PACKAGING, PACKING LIST, AND BILL OF LADING.** Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

9. **INSPECTION.** All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

10. **WARRANTIES.** By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.

Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

11. **COMPLIANCE WITH LAWS.** Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326); (b) The Fair Labor Standards Act (29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

12. **TITLE; RISK OF LOSS.** Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

13. **INSURANCE.** Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

14. **CONFIDENTIALITY; LIMITED USE.** Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other changes incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order shall be issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO 9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

# REVERE PLASTICS SYSTEMS, LLC CLYDE

**401 E ELM STREET**
**CLYDE OH 43410**
**419-547-6918  Fax: 419-547-6828**

### PURCHASE ORDER 4236-02

**10/30/2017**

**BILL TO:**
REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH 43410
clydeap@revereindustries.com

**TO:**
PLASTIC PLATE, LLC
5460 CASCADE RD SE
GRAND RAPIDS MI 49546
UNITED STATES

**SHIP TO:**
REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH 43410
UNITED STATES

616-455-5045 / 616-455-5040

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|---|---|---|---|---|---|
| LPARR | | | GLOBAL TRANZ | ORIGIN | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|---|---|---|---|---|
| 8306Rev: A | ALPHA 85 WASHER TRIM RING (WHITE) | 1.00 EACH | 6.940000 | 6.94 |
| W10866928 | WHITE WASHER TRIM RING | | 1200-00-00-02-00-0 | |

BLANKET P.O. ISSUED FOR FUTURE RELEASES.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT. REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIPPING DOCUMENTS. IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES WILL
ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS PERMIT.

Release Qty   Request Date    Promise Date    Comment

*****All Costs Are Shown In US Dollars*****

**Comment:**

| | |
|---|---|
| SubTotal | 6.94 |
| Tax | 0.00 |
| Grand Total | 6.94 |

Buyer Signature   *Laura Parr*

**OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES**

Zero defects policy is in affect for all orders.
Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor,
reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by _____

QA0281-03      Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be
referenced on the Revere Industries website www.revereplasticssystems.com

REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS

1. OFFER AND ACCEPTANCE. This Purchase Order constitutes an offer by Revere Industries,LLC (the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.
Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>.

2. PURCHASE PRICE AND PAYMENT. The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

3. ATTACHMENTS. Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

4. CHANGES. The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

5. TERMINATION. Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.
Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

6. ASSIGNMENT. Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

7. EXCUSABLE DELAY. Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph 5.

8. PACKAGING, PACKING LIST, AND BILL OF LADING. Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

9. INSPECTION. All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

10. WARRANTIES. By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.
Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

11. COMPLIANCE WITH LAWS. Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326); (b) The Fair Labor Standards Act (29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

12. TITLE; RISK OF LOSS. Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

13. INSURANCE. Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

14. CONFIDENTIALITY; LIMITED USE. Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other changes incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

**REVERE PLASTICS SYSTEMS, LLC
CLYDE**
401 E ELM STREET
CLYDE OH 43410
419-547-6918 Fax: 419-547-6828

**PURCHASE ORDER 4237-02
10/30/2017**

**BILL TO:**
REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH 43410
clydeap@revereindustries.com

**TO:**
PLASTIC PLATE, LLC
5460 CASCADE RD SE
GRAND RAPIDS MI 49546
UNITED STATES

**SHIP TO:**
REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH 43410
UNITED STATES

616-455-5045 / 616-455-5040

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|-------|-----------|--------------|----------|-----|-------|
| LPARR |  |  | GLOBAL TRANZ | ORIGIN | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|-------------|-------------|----------|-----------|-----------|
| 8307Rev: A | ALPHA 85 DRYER TRIM RING (WHITE) | 1.00 EACH | 6.940000 | 6.94 |
| W10866929 | WHITE DRYER TRIM RING |  |  | 1200-00-00-02-00-0 |

BLANKET P.O. ISSUED FOR FUTURE RELEASES.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT. REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIPPING DOCUMENTS. IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES WILL
ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS PERMIT.

Release Qty    Request Date    Promise Date    Comment

*****All Costs Are Shown In US Dollars*****

**Comment:**

| | |
|---|---|
| SubTotal | 6.94 |
| Tax | 0.00 |
| Grand Total | 6.94 |

Buyer Signature    *Laura Parr*

OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES

Zero defects policy is in affect for all orders.
  Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor,
  reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by _____

QA0281-03       Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be
                referenced on the Revere Industries website www.revereplasticssystems.com

## REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS

1. **OFFER AND ACCEPTANCE.** This Purchase Order constitutes an offer by Revere Industries,LLC(the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.

Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>

2. **PURCHASE PRICE AND PAYMENT.** The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

3. **ATTACHMENTS.** Documents designated by Buyer In the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

4. **CHANGES.** The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

5. **TERMINATION.** Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.

Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

6. **ASSIGNMENT.** Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

7. **EXCUSABLE DELAY.** Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph5.

8. **PACKAGING, PACKING LIST, AND BILL OF LADING.** Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

9. **INSPECTION.** All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

10. **WARRANTIES.** By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.

Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

11. **COMPLIANCE WITH LAWS.** Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act(40 U.S.C. § 324-326); (b) The Fair Labor Standards Act(29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act(Pub. L. 91-596); (d) Non-discrimination in Employment(Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

12. **TITLE; RISK OF LOSS.** Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

13. **INSURANCE.** Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

14 **CONFIDENTIALITY; LIMITED USE.** Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other changes incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

# REVERE PLASTICS SYSTEMS, LLC CLYDE

**401 E ELM STREET**
**CLYDE OH 43410**
**419-547-6918 Fax: 419-547-6828**

## PURCHASE ORDER 4238-02
**10/30/2017**

**BILL TO:**
REVERE PLASTICS SYSTEMS, LLC CLYDE
401 E ELM STREET
CLYDE, OH 43410
clydeap@revereindustries.com

**TO:**
PLASTIC PLATE, LLC
5460 CASCADE RD SE
GRAND RAPIDS MI 49546
UNITED STATES

616-455-5045 / 616-455-5040

**SHIP TO:**
REVERE PLASTICS SYSTEMS LLC
401 E ELM STREET
CLYDE OH 43410
UNITED STATES

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
|---|---|---|---|---|---|
| LPARR | | | GLOBAL TRANZ | ORIGIN | NET 60 |

| Item Number | Description | Quantity | Unit Cost | Ext. Cost |
|---|---|---|---|---|
| 8308Rev: A | ALPHA 85 HANDLE (WHITE) | 1.00 EACH | 1.220000 | 1.22 |
| W10866930 | WHITE ALPHA 85 HANDLE | | 1200-00-00-02-00-0 | |

BLANKET P.O. ISSUED FOR FUTURE RELEASES.
MATERIAL CERTIFICATION REQUIRED WITH EACH SHIPMENT. REVERE MATERIAL NUMBER MUST APPEAR ON
ALL CONTAINERS & SHIPPING DOCUMENTS. IN ACCORDANCE WITH OEM CONTRACTS, PRICE CHANGES WILL
ONLY BE ALLOWED AT THE BEGINNING OF THE QUARTER OF CALENDAR YEAR OR AS CONTRACTS PERMIT.

Release Qty    Request Date    Promise Date    Comment

*****All Costs Are Shown In US Dollars*****

**Comment:**

| | |
|---|---|
| SubTotal | 1.22 |
| Tax | 0.00 |
| Grand Total | 1.22 |

Buyer Signature    *Laura Parr*

**OUR PURCHASE ORDER NUMBER MUST APPEAR ON ALL PACKING LISTS AND INVOICES**

Zero defects policy is in affect for all orders.
Goods rejected on account of inferior quality or workmanship will be returned to you with charges for transportation both ways, plus labor,
reloading, trucking, etc., and are not to be replaced except upon receipt of written instructions from us.

Received and approved by _____

QA0281-03    Seller agrees to the terms and conditions hereof and the general terms and conditions attached with this purchase order or can be
referenced on the Revere Industries website www.revereplasticssystems.com

REVERE INDUSTRIES, LLC PURCHASE ORDER GENERAL TERMS AND CONDITIONS

1. **OFFER AND ACCEPTANCE.** This Purchase Order constitutes an offer by Revere Industries,LLC (the "Buyer") to purchase from the addressee (the "Seller") the goods or services identified on the Purchase Order on the terms and conditions set forth below. This is not a firm offer, and Buyer may revoke it at any time prior to acceptance by Seller. Seller's acknowledgment of the Purchase Order, shipment of any goods, or commencement of work pursuant to the Purchase Order shall be deemed an acceptance of this Purchase Order and all its terms and conditions.

Acceptance of Purchase Order shall also be deemed an acceptance of all requirements listed within the Revere Supplier Quality Agreement which is located at <http://www.revereplasticssystems.com/contact-2/supplier-info>

2. **PURCHASE PRICE AND PAYMENT.** The purchase price of the goods or services is as set forth on the Purchase Order or if no purchase price is there stated, the purchase price shall not be higher than the lowest of the price last(a) quoted; (b) charged to Buyer; or (c) marked price. In any case, the purchase price is a firm price and is not subject to increases in the prices of Seller's manufacturers or suppliers, or due to any other act or event. Seller warrants that the prices for the goods sold to Buyer hereunder are not less favorable than those currently extended to any other customer for the same or like goods in equal or smaller quantities. In the event Seller reduces its price for such goods during the term hereof, Seller shall reduce the prices hereof accordingly. Unless otherwise specified on the Purchase Order, Buyer shall pay for the goods 60 days after receipt of invoice.

3. **ATTACHMENTS.** Documents designated by Buyer in the body of the Purchase Order, including supplemental terms and conditions, if any, are incorporated by reference the same as if set out in full therein.

4. **CHANGES.** The Buyer reserves the right at any time to issue a written change order or amendment to the Purchase Order concerning any of the following: (a) specifications, drawings, and data incorporated in the Purchase Order where the items to be furnished are to be specially manufactured for the Buyer; (b) quantity; (c) methods of shipment or packaging, (d) place of delivery, (e) time of delivery; or (f) any other matters affecting this Purchase Order.

5. **TERMINATION.** Buyer may terminate the Purchase Order for its convenience, in whole or in part, at any time prior to shipment by (written or electronic) notice to Seller. Upon receipt of such termination notice, Seller shall promptly comply with the directions contained in such notice and shall, as required, (a) take action necessary to terminate the work as provided in the notice, minimizing costs and liabilities for the terminated work, and (b) continue the performance of any part of the work not terminated by Buyer.

Buyer will make no payments for finished goods, services, work-in-process or raw materials fabricated or procured by Seller in amounts in excess of those authorized in firm delivery releases. Seller commitments to future expenditures based on Buyer's blanket orders or forecasts will not be paid by the Buyer. Additionally, the Buyer shall not be liable for loss of anticipated profit, unabsorbed overhead, product development and engineering costs, facilities and equipment costs or rental, unamortized depreciation costs or general and administrative burden charges from termination of this agreement.

6. **ASSIGNMENT.** Seller may not assign, transfer, or subcontract this Purchase Order or any right or obligation hereunder without Buyer's written consent.

7. **EXCUSABLE DELAY.** Fires, floods, strikes, accidents, shortages, or other causes beyond the reasonable control of the parties, which prevent Seller from delivering, or Buyer from receiving, any of the goods and services covered by this Purchase Order, shall suspend deliveries until the cause is removed, subject, however, to Buyer's right of termination for convenience under Paragraph 5.

8. **PACKAGING, PACKING LIST, AND BILL OF LADING.** Seller shall be responsible for proper packaging, loading, and tie-down to prevent damage during transportation. Buyer's weight and/or count will be accepted as final and conclusive on all shipments not accompanied by a packing list.

9. **INSPECTION.** All goods and services furnished hereunder will be subject to inspection and test by Buyer at all times and places and will be subject to Buyer's final inspection and approval within a reasonable time after delivery. Buyer may reject goods and services not in accordance with Buyer's instructions, specifications, drawings, data, or Seller's warranty (expressed or implied), or for untimely delivery. Payment for any goods or services shall not be deemed acceptance.

10. **WARRANTIES.** By accepting this Purchase Order, Seller warrants that the goods and services furnished will be free from defects in materials and workmanship, merchantable and in full conformity with Buyer's specifications, drawings, and data, and Seller's descriptions, promises, or samples, and that such goods will be fit for the Buyer's intended use, provided Seller has reason to know of such use, and that Seller will convey good title to the goods, free and clear from all liens, claims, and encumbrances.

Seller warrants that goods or services covered by this Purchase Order shall not infringe any patent, design, copyright or trademark, of any third party, either directly or contributorily. Seller agrees to indemnify Buyer and hold Buyer harmless from and against all liability, loss, damage and expense, including reasonable counsel fees and costs of litigation, resulting from any claim of infringement and any litigation relating thereto. Such obligations shall survive acceptance of the goods or services and payment therefore by Buyer.

11. **COMPLIANCE WITH LAWS.** Seller agrees, in connection with the production of the goods specified herein and services performed hereunder, to comply with all applicable local, state and federal laws and regulations, rulings and executive orders issued pursuant thereto, and agrees to indemnify Buyer against any loss, cost liability, or damage by reason of Seller's violation of this paragraph. Without limiting the generality of the foregoing, Seller agrees to comply with the applicable provisions of the following laws and any regulations, rulings or executive orders issued thereunder, or any amendments thereof, successors thereto, or other similar laws or regulations, any and all of which provisions are incorporated herein by reference. (a) The Wage Hour Act (40 U.S.C. § 324-326), (b) The Fair Labor Standards Act (29 U.S.C. § 201-219); (c) The Federal Occupational Safety and Health Act (Pub. L. 91-596); (d) Non-discrimination in Employment (Executive Order 11246, as amended by Executive Order 11375, and the rules, regulations, and relevant orders of the Secretary of Labor); (e) The Vietnam Era Veterans Readjustment Act of 1974 (Pub. L. 93-508 as it amends 38 U.S.C. § 2012); (f) The Rehabilitation Act of 1973, as amended (Pub. L. 93-112); and (g) the Walsh-Healy Public Contracts Act, as amended (41 U.S.C. § 35-45).

12. **TITLE; RISK OF LOSS.** Title shall pass to Buyer upon Buyer's receipt of goods at destination. Risk of loss of all goods shall remain in Seller until receipt by Buyer at destination, unless otherwise specified in this Purchase Order, except for loss occasioned by gross negligence or willful neglect of Buyer or its customer.

13. **INSURANCE.** Seller shall maintain such public liability, property damage and workers' compensation insurance as may be necessary to indemnify Buyer and hold it harmless in accordance with the requirements of this Purchase Order.

14. **CONFIDENTIALITY; LIMITED USE.** Unless otherwise agreed by Buyer in writing, Seller shall keep confidential and not disclose to any third party, any confidential and/or proprietary materials provided by Buyer to Seller in connection with Seller's performance of this Purchase Order or prepared by Seller specifically for Buyer pursuant to this Purchase Order, including but not limited to any drawings, masters, software, specifications, raw materials, components, data, business information or plans, customer lists or other customer information ("Confidential Information"). At the completion of this Purchase Order, or upon Buyer's request, Seller shall promptly return to Buyer all Confidential Information not consumed in the performance of this Purchase Order, together with any copies in Seller's

possession. Seller shall use Confidential Information solely for Sellers performance of this Purchase Order for Buyer, and Seller shall not, without Buyer's written consent, directly or indirectly use Confidential Information or information derived therefrom in performing services or providing goods for any other customer of Seller, or any other person or entity.

15. RESOLUTION OF CONFLICTS OR INCONSISTENCIES OCCURRING IN THE ORDER. It is Seller's responsibility to comply with this Purchase Order and all referenced documents, and to clarify with Buyer any inconsistencies or conflicts in any parts of the Purchase order or referenced documents.

16. BUYER'S TERMS AND CONDITIONS APPLY. No modification of or release from this Purchase Order shall be binding unless agreed to in writing by the parties and specifically labeled as a modification or release. Unless specifically agreed to otherwise by Buyer and Seller, these terms and conditions supersede any submitted by Seller in any proposal or acknowledgment.

17. EXTRA CHARGES. No charges for extras or for cartage or boxing or storage will be allowed unless the same has been agreed upon in writing by Buyer.

18. SUBSTITUTIONS. No substitution of materials or accessories may be made without written permission from Buyer.

19. WORK PERFORMED ON BUYER'S OR BUYER'S CUSTOMER'S PREMISES. If any of the work required by this Purchase Order is to be performed on Buyer's premises or on the premises of Buyer's job site, Seller agrees that all persons performing such services for Seller shall be deemed Seller's employees or independent contractors and not agents of Buyer, and Seller shall be solely responsible for such work and shall indemnify Buyer and hold it harmless against any and all claims, loss and liability arising therefrom or in connection therewith.

20. INDEMNIFICATION. Seller agrees to indemnify, defend, and hold Buyer harmless from and against all losses, damages, liability, actions, judgments, costs, and expenses (including, but not limited to, reasonable attorneys' fees and other expenses of litigation), suffered, incurred, or asserted by or against Buyer (a) by reason of Seller's breach of a warranty, (b) by reason of Seller's breach of any term of this Purchase Order, or (c) by reason of personal injury, including death, or property damage sustained by a third party, resulting from or arising out of an act or omission of Seller, or Seller's agents, employees, or contractors in fulfillment of this Purchase Order.

21. REMEDIES. In the event this Purchase Order is not complied with in any respect, Buyer may exercise any one or more of the following remedies: (a) cancel this Purchase Order; (b) require replacement of the goods; (c) recover all loss, damage and expense (including consequential damages) resulting from such failure by set-off or otherwise; (d) return excess of early deliveries to Seller at Seller's expense; (e) require delivery by any means and (f) exercise any other available remedy. Seller shall pay or otherwise be liable for any transportation, labor and/or other expense incurred in connection with the foregoing, including Buyer's attorneys' fees, costs and other charges incurred in connection with Buyer's exercise of Buyer's remedies.

22. CUMULATIVE REMEDIES; WAIVERS; SURVIVAL OF WARRANTIES. The remedies herein reserved to Buyer shall be cumulative, and additional to any other or further remedies provided in law or equity. No waiver by Buyer of any term or condition of this Purchase Order shall be construed as a permanent waiver of such term or condition or of any other term or condition. Seller's warranties shall survive the completion or cancellation of this Purchase Order.

23. GOVERNING LAW. A Purchase Order shall be governed by the law of Buyer's principal place of business such Purchase Order was issued without regard to conflict of laws provisions thereof, and litigation on contractual causes arising from a Purchase Order shall be brought only in that jurisdiction.

24. TAXES. Unless prohibited by law, the Seller shall pay all federal, state or local tax, transportation tax, or other tax which is required to be imposed upon the items ordered hereunder, or by reason of their sale or delivery; the Order price shall be deemed to include such taxes.

25. "GOODS" AND "SERVICES". The term "goods" as used herein means any and all materials, parts, products, machines, tooling, test equipment, technical data, computer software, computer software documentation, and other tangible items or documentary information furnished or required to be furnished by Seller under this order. The term "services" means any and all technical assistance, support, maintenance, consultation, construction work, and other effort furnished or required to be furnished by Seller under this order other than labor furnished in connection with the production of goods.

26. ENTIRE AGREEMENT. Unless superseded by a specific signed agreement between Buyer and Seller, this agreement shall include the Purchase Order, these General Terms and Conditions, and all attachments referred to in the Purchase Order or in the General Terms and Conditions, and it shall constitute the entire agreement of the parties with regard to the subject matter contained herein. All other prior or contemporaneous representations, warranties, covenants, or agreements between Seller and Buyer, or their representatives, with respect to the subject matter are hereby superseded. The term "Purchase Order" as used herein means the first and continuation pages of Revere's completed Purchase Order form, including any special provisions contained therein. This agreement may not be modified except by mutual written agreement of the parties.

Please Note: Revere Plastics Systems encourages our suppliers to work towards either ISO 9001:2008 certification for non-automotive related suppliers or TS 16949:2009 certification for automotive related suppliers.

# EXHIBIT 4







